**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

OBETH HERNANDEZ

    Plaintiff,

vs.

BT MCCARTHY I, INC., a Florida
Profit Corporation and MARC DARBY,
individually,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, OBETH HERNANDEZ, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants BT MCCARTHY, I INC., a Florida Profit Corporation, and MARC DARBY individually; (collectively "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Florida Minimum Wage Act, Fla. Stat. 448.110 et. Seq. (hereinafter "FMWA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, because the acts that give rise to Plaintiff's claims occurred within the Sothern District of Florida and because Defendants are subject to personal jurisdiction herein.

1

4. Plaintiff is a resident of the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a foreman. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and Fla. Stat. § 448.101.

6. BT MCCARTHY I INC. is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. BT MCCARTHY I INC., has several locations throughout Florida and its principal place of business in Naples, Florida. BT MCCARTHY I INC., has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. BT MCCARTHY I INC., is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that each have had separately and/or in combination employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, BT MCCARTHY I INC., is a general contracting company in the residential and commercial construction business using materials that have been moved in or produced for commerce.

9. At all times material to this Complaint, BT MCCARTHY I INC, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. At all times material to this Complaint, BT MCCARTHY I INC., is an "employer" as defined by Fla. Stat. 448.101(3) in that it employed at least ten (10) employees.

11. BT MCCARTHY I INC., upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant MARC DARBY is a corporate officer of, owner and president of BT MCCARTHY I INC., and exercised operational control over the activities of, corporate Defendant, BT MCCARTHY I INC.

13. MARC DARBY, acted directly in the interest of his company, BT MCCARTHY I INC. Upon all available information, MARC DARBY controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. Defendants were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

17. Specifically, Plaintiff performed work for Defendants as a foreman from on or about April, 2021 until on or about June 18, 2021.

18. During Plaintiff's employment, Defendants agreed to compensated Plaintiff at a rate of $24.00 per hour. The Defendants established a two week pay period, such that the employees were supposed to get paid every two weeks for the period immediately preceding. However, starting

in May 2021 the wages due on the regularly established pay day, began to arrive late or not at all.

19. Defendants' failure to pay in accordance to the scheduled pay dates resulted in Defendants failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

20. Specifically, Plaintiff was not compensated at all for any of the hours worked from May 31, 2021 through June 18, 2021.

21. As a result, Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed by Plaintiff during the relevant period.

22. Plaintiff estimates that he is owed at least $2,568.00 in unpaid wages.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked in a given workweek.

24. The Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

25. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

26. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

27. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### VIOLATION OF FLSA/MINIMUM WAGES
### against BT MCCARTHY I, INC.

29. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

30. This action is brought by Plaintiff to recover from Defendant BT MCCARTHY I INC., unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. At all times during his employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

32. BT MCCARTHY I INC., has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

33. BT MCCARTHY INC., knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

34. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of his wages and the failure to pay even a minimum hourly wage when due.

35. By reason of the said intentional, willful, and unlawful acts of BT MCCARTHY, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

37. BT MCCARTHY never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

38. As a result of BT MCCARTHY's willful violations of the Act, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from BT MCCARTHY.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant BT MCCARTHY INC.,:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FMWA AGAINST BT MCCARTHY

40. Plaintiff re-alleges and reaffirms paragraphs 1 through 28 as fully set forth herein.

41. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

42. Defendant BT MCCARTHY I INC., failed to pay Plaintiff at a rate equal to the Florida minimum wage for some of the hours worked during his employment with the Defendant BT MCCARTHY I Inc., as alleged above.

43. Plaintiff sent a written demand for these payments dated August 19, 2021. Defendant BT MCCARTHY I Inc., has failed to make any payments in accord with that demand.

44. As a direct result of BT MCCARTHY I Inc's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of BT MCCARTHY I Inc.

45. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

    A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B. Liquidated damages;

    C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D. Such other and further relief as the court deems proper.

## COUNT III
## VIOLATION OF FLSA/MINIMUM WAGES
## against MARC DARBY

46. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

47. At all the times mentioned, Defendant MARC DARBY was, and is now, the president of corporate Defendant, BT MCCARTHY I INC.

48. MARC DARBY was an employer of Plaintiff within the meaning of section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that MARC DARBY acted directly in the interests of corporate Defendant, BT MCCARTHY I INC. in relation to their employees including Plaintiff.

49. Specifically, MARC DARBY supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

50. At all relevant times, MARC DARBY had operational control of the business and is thus jointly liable for Plaintiff's damages.

51. Defendant MARC DARBY willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MARC DARBY:

- A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights; and

- B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

  C. Award Plaintiff an equal amount in double damages/liquidated damages; and

  D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FMWA against MARC DARBY

52. Plaintiff re-alleges and reaffirms paragraphs 1 through 28 as fully set forth herein.

53. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

54. MARC DARBY failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with Defendants as stated above.

55. Plaintiff sent a written demand for these payments dated August 19, 2021. MARC DARBY has failed to make any payments in accord with that demand.

56. As a direct result of MARC DARBY's failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of MARC DARBY.

57. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against MARC DARBY:

  A. Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

  B. Interest and the amount found due;

  C. A jury trial on all issues so triable;

  D. Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

    E.  Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, OBETH HERNANDEZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 24, 2021

                                         **PEREGONZA THE ATTORNEYS, PLLC**
                                         1414 NW 107th Ave,
                                         Suite 302
                                         Doral, FL 33172
                                         Tel. (786) 650-0202
                                         Fax. (786) 650-0200

                                         By: /s/Nathaly Saavedra
                                         Nathaly Saavedra, Esq.
                                         Fla. Bar No. 118315
                                         Email: nathaly@peregonza.com